IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A PTY LTD., | § § | **Civil Action No.** 1:15-cv-154 |
| Plaintiff, | § § | |
| v. | § § | **Jury Trial Demanded** |
| AMAZON.COM, INC., | § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiff A PTY Ltd. ("A PTY" or "Plaintiff") files this Complaint against Amazon.com, Inc. ("Amazon" or "Defendant") for infringement of U.S. Patent No. 7,010,572 (the "'572 Patent").

### I. PARTIES

1. Plaintiff A PTY Ltd. is a company existing under the laws of the Commonwealth of Australia, with its principal place of business headquartered at 1/620 St. Kilda Road, Melbourne, Victoria, Australia 3004.

2. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon has appointed its agent for service as follows: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas  78701.

### II. JURISDICTION AND VENUE

3. This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant is deemed to reside in judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

5.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to residents of this district and Texas. This includes, but is not limited to, operating a website (http://www.amazon.com/) that provides the claimed method of conveying an email message to residents of this district. Thus, Defendant has purposefully availed itself of the benefits of the state of Texas and the exercise of jurisdiction is proper.

### III.    FACTUAL BACKGROUND

6.      In the mid-1990s, an associated company of A PTY was involved with the provisioning and printing of telephone directories in Australia. In an effort to increase the value and utility of the directories, the subject technology was developed to enable users of the directory to locate the email address of a desired recipient. The method proposed the idea of adding identifiers next to advertised names, addresses, and phone numbers in the printed directories. The identifiers were intended to indicate to a user of the directory that any person linked to that address or phone number could be located and contacted via email.

7.      The '572 Patent is generally directed towards a method for conveying email messages, where the email message includes an address field that is different from the unique

address of the intended recipient of the email message. The email message can include an address field that is a descriptor of the intended recipient of the email message, rather than the account name of the recipient. The method further involves locating in a database of descriptors and email addresses the email address associated with the descriptor and forwarding the message to the email address yielded by the database.

8. Defendant's accused instrumentalities enable the users of Defendant's website to convey email messages to other users of the website via an address field containing a descriptor of the intended recipient, rather than the actual email address of the intended recipient.

9. On information and belief, Amazon operates multiple fulfillment centers located throughout Texas and offers "software development" and "operations, IT, and support engineering" jobs in Austin, the Dallas-Fort Worth metroplex, and Schertz, Texas.

## IV.   PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT 7,010,572

10. Plaintiff is the assignee of the '572 Patent, entitled "SYSTEM FOR HANDLING ELECTRONIC MAIL," and holds all substantial rights in the same. Plaintiff has the exclusive right to sue and recover damages for past and future infringements. A true and correct copy of the '572 Patent is attached as Exhibit A.

11. Amazon has infringed and continues to directly infringe one or more claims of the '572 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, providing, using, and/or distributing the claimed methods for conveying an email message. At a minimum, Amazon has been, and now is, infringing claims of the '572 Patent, including (for example) at least Claim 1, by making, having made, providing, using, and/or distributing their communications platform that enables users to contact and convey email messages to sellers via a descriptor of the intended recipient.

12. Amazon has knowledge of the '572 Patent at least as early as the date of service of this Complaint.

13. With knowledge of the '572 patent, Amazon directs and aids its customers in using its communication platform and provides instruction (including, by way of example, the instructions available at http://www.amazon.com/gp/help/customer/display.html?nodeId=537800) to customers.

14. Plaintiff alleges that each and every element is literally present in the accused systems. To the extent not literally present, Plaintiff reserves the right to proceed under the doctrine of equivalents.

15. Plaintiff has been damaged as a result of Amazon's infringing conduct. Amazon is thus liable to Plaintiff in an amount that adequately compensates it for Amazon's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.   JURY DEMAND

16. A PTY demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff A PTY prays for judgment and seeks relief against Defendant as follows:

   a. Judgment that one or more claims of U.S. Patent No. 7,010,572 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  February 23, 2015.                                    Respectfully submitted,

/s/ William M. Parrish
William M. Parrish
Texas State Bar No. 15540325
bparrish@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

**ATTORNEYS FOR PLAINTIFF
A PTY LTD.**